UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REX LAKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:21-cv-01089-EJY<br><br>**ORDER** |

**PLAINTIFF'S MOTION TO REMAND IS DENIED**[1]

I.   <u>There is no Dispute that Plaintiff's Action is Properly Before the Court</u>.

　　Plaintiff's Complaint and Motion to Remand are properly before the Court. Following a hearing conducted by Administrative Law Judge ("ALJ") Bennett on September 18, 2020, the ALJ issued a denial of benefits decision on October 16, 2020. Administrate Record ("AR") 24-39, 40-59. The Appeals Council denied a request for review on May 7, 2021 rendering the ALJ's decision the final decision of the Commissioner. AR 1-6; 42 U.S.C. § 405(h).

II.   <u>The Court Applies the Following Standard of Review</u>.

　　A court reviewing a decision of the Commissioner of Social Security (the "Commissioner") must affirm that decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

---

[1]   Plaintiff originally challenged the constitutionality of the ALJ's decision in this case, but withdrew this argument in his Reply. ECF No. 24 at 3.

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

III.     The Law Pertaining to Establishing Disability under the Social Security Act.

To establish a claimant is disabled under the Social Security Act (the "SSA"), there must be substantial evidence that:

(a)     the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

(b)     the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps include:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in

> a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).
>
> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

*Id*. at 1098-99 (internal alterations omitted).

IV.   <u>Summary of the ALJ's Decision</u>.

At step one the ALJ found Plaintiff met the insured status requirements of the SSA through December 31, 2015. AR 29. At step two, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 24, 2010, the alleged onset date. *Id*. At step three, the ALJ found Plaintiff suffers from medically determinable impairments that significantly limit his ability to perform basic activities as required by Social Security Regulation ("SSR") 85-28. *Id*. In combination, these included cerebral palsy, left hip osteoarthritis, diabetes mellitus type II, and obesity. *Id*. The ALJ further stated that Plaintiff's impairments did not meet or equal any "Listing criteria" found in 20 C.F.R. Part 404, Subpart P, Appendix 1 despite considering Plaintiff's "physical impairments[] singly and in combination with his other impairments, along with his alleged

symptoms and limitations." AR 30  In preparation for step four, the ALJ found Plaintiff had the residual functional capacity ("RFC")[2] to:

> Perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except he can lift and/or carry 20 pounds occasionally and 10 pounds frequently.  He can stand and/or walk 6 hours in an 8-hour workday.  He can sit 6 hours in an 8-hour workday.  He can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl.  He can never climb ladders, ropes or scaffolds.  He cannot work at heights or around dangerous moving machinery.  He needs a sit/stand option at 30-minute intervals.  He requires two additional restroom breaks per workday in addition to the normal break times.

AR 30-31.  This finding was supported by substantial evidence including the summary of medical evidence (AR 30-33) conceded as factually accurate by Plaintiff (ECF No. 17 at 4), Plaintiff's testimony that he is able to carry up to 20 pounds, Plaintiff's testimony that he is able to sit for approximately 45 minutes before experiencing pain, and medical evidence recording improvement in the frequency with which Plaintiff needs to use a restroom to urinate.  AR 32 *citing* 457 and AR 52-53.

At step four the ALJ found Plaintiff "is capable of performing past relevant work as a credit clerk.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." AR 34.  At step five the ALJ found Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 24, 2010, through the date of this decision …." *Id*.

V.   Summary of the Vocational Expert's Testimony.

The Vocational Expert's testimony in this case was brief.  After confirming that the past relevant work being discussed was a credit clerk, DOT Number 205.367-022, which is a semi-skilled, sedentary demand level job, the ALJ asked the Vocational Expert to assume the hypothetical person who could:

> lift 20 pounds occasionally, 10 pounds frequently …, stand and walk up to six hours in eight, and sit up to six hours in eight; with occasional postural limitations all, except for no climbing of ladders, ropes, and scaffolds, and no work at heights or around dangerous moving machinery.  This person would further need a – the option to either sit or stand at no more [than] 30-minute intervals.

---

[2]   "Residual functional capacity" is defined as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1).

> Also, this person would probably need—and this is not an exact science, so we're just kind of guessing here—two additional restroom breaks, other than the three breaks extended in an eight-hour workday. Given these limitations, could such an individual do the job of credit clerk?

AR 55-56. Once the ALJ clarified that the additional breaks would be approximately five minutes each, the Vocational Expert confirmed the hypothetical individual could do the credit clerk job. AR 56.

VI. <u>The Issue Presented</u>.

Plaintiff challenges the ALJ's step four finding arguing that the ALJ did not accept the Vocational Expert's testimony pertaining to Plaintiff's "past work as actually performed but accepted it as to the work as generally performed." ECF No. 17 at 5-6. Despite Plaintiff's admission (and the law as discussed below) that an ALJ may find Plaintiff is not disabled because he can perform past relevant work as actually *or* generally performed, Plaintiff contends that when the ALJ relied solely on the credit clerk job as generally performed to determine Plaintiff was not disabled, he failed to resolve an "apparent conflict raised." *Id*. at 7. The conflict, as best the Court could decipher from Plaintiff's Motion, has to do with the definition of sedentary work as applied to the credit clerk job. *Id*. at 7-8. ("The ALJ failed to resolve that conflict because there is not evidence that credit clerk[s, which is Plaintiff's past relevant work,] requires different amounts of aggregate sitting as actually performed and as generally performed."). This statement, however, appears to argue against the very error Plaintiff identifies. That is, given that Plaintiff admits there is no evidence that the credit clerk position requires different amounts of sitting as actually and generally performed there is no conflict to resolve.

Nonetheless, in Plaintiff's Reply brief he clarifies the issue presented to the Court. Plaintiff asks: "[C]an the ALJ rely on vocational expert testimony to find that … [Plaintiff] could perform his past relevant work as generally performed where it is clear by omission that … [Plaintiff] cannot perform [h]is past relevant work as actually performed but the vocational expert testifie[d] … that … [Plaintiff] could perform past work as actually … and as generally performed?" ECF No. 24 at 3. Plaintiff then reiterates his argument stating it is the failure to "differentiate between past work as actually performed and as generally performed" and testimony "that treats them as having the

5

same essential, integral, or expected requirements" that results in a conflict, which must be resolved. *Id*. at 4-5.

VII. <u>Analysis of Plaintiff's Arguments</u>.

The ALJ's determination in this case was made at step four of the five-step disability determination process. At step four, Plaintiff had the burden of showing that he can no longer perform his past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Clem v. Sullivan,* 894 F.2d 328, 330 (9th Cir.1990). While the burden of proof lies with Plaintiff at step four, the ALJ must still make the requisite factual findings to support his conclusion. *Clem*, 894 F.2d at 330 (internal citations omitted). The ALJ accomplishes this task "by looking at the 'residual functional capacity and the physical and mental demands' of the claimant's past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) *citing* 20 C.F.R. §§ 404.1520(e) and 416.920(e). Plaintiff must be able to perform either the "actual functional demands and job duties of a particular past relevant job; *or* … [t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.*, 249 F.3d at 845 *citing* SSR 82-61 (emphasis added). The ALJ "is not required to make findings as to both." *Grim v. Colvin*, 128 F.Supp.3d 1220, 1232 (D. Ariz. 2015) *citing Pinto*, 249 F.3d at 845. Importantly, the Ninth Circuit does not require "explicit findings at step four" regarding a Plaintiff's "past relevant work both as generally performed *and* as actually performed. The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations …." *Pinto*, 249 F.3d at 845 *citing Villa v. Heckler*, 797 F.2d 794, 798 (1986) ("[t]he claimant has the burden of proving an inability to return to his former type of work and not just to his former job").

Setting aside his conflicting argument, Plaintiff admits that there was no finding by the ALJ that he could perform the work of a credit clerk as actually performed. *See* ECF No. 24 at 3 (the ALJ accepted "the proposition that … [Plaintiff] could perform the work of a credit clerk as generally performed but not as actually performed"). The Vocational Expert testified that Plaintiff could perform past relevant work as a credit clerk based on the hypothetical person described by the ALJ. AR 55-56.

Plaintiff, however, contends the Vocational Expert's testimony raised a conflict because the Expert did not state that a credit clerk's duties, generally, are different than those as performed by Plaintiff actually. ECF No. 24 at 4. Plaintiff argues there is nothing in Plaintiff's testimony or the Dictionary of Occupational Titles[3] that "hints at the presence of any standing/walking that would rise to two hours a day, every day." *Id*. Plaintiff also argues that the ALJ committed reversible error when he failed to differentiate between the credit clerk job as actually performed and generally performed, treating them as having the same essential, integral, or expected requirements, which created a conflict. *Id*.

"For a difference between an expert's testimony and the *Dictionary's* listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the *Dictionary's* listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) (emphasis in original). Relevant here is the *Dictionary's* definition of a credit clerk position:

> Processes applications of individuals applying for loans and credit: Interviews applicant to obtain personal and financial data and fills out application. Calls or writes to credit bureaus, employers, and personal references to check credit and personal references. Establishes credit limit, considering such factors as applicant's assets, credit experience, and personal references, based on predetermined standards. Notifies customer by mail, telephone, or in person of acceptance or rejection of application. May keep record or file of credit transactions, deposits, and payments, and sends letters or confers with customers having delinquent accounts to make payment [COLLECTION CLERK (clerical) 241.357-010]. May send form letters and brochures to solicit business from prospective customers. May adjust incorrect credit charges and grant extensions of credit on overdue accounts. May accept payment on accounts. May keep record of applications for loans and credit, using computer. May compute interest and payments, using calculator. May provide customer credit information or rating on request to retail stores, credit agencies, or banks. May check value of customer's collateral, such as securities, held as security for loan. May advise customer by phone or in writing about loan or credit information. May assist customer in filling out loan or credit application.

Also relevant, and more important, is that the credit clerk position is a sedentary one—a finding not challenged by Plaintiff. ECF No. 17 at 6-7. Sedentary work is defined in SSR 83-10 as, *inter alia*, occasionally—that is generally "up to one-third of the time"—standing or walking for "no more than

---

[3] The "Dictionary" refers to the Dictionary of Occupational Titles, the best source of how a job is generally performed. *Pinto*, 249 F.3d at 845 (internal citations omitted).

about 2 hours of an 8-hour workday, and sitting … approximately 6 hours of an 8-hour workday." This definition is consistent with the hypothetical person proposed by the ALJ that the Vocational Expert testified could perform credit clerk work. AR 55-56. There is nothing in the Vocational Expert's testimony that conflicts with the description of the credit clerk position as a generally performed sedentary job. Thus, the ALJ had no conflict to resolve. Plaintiff's argument that there is nothing in his testimony or in the Dictionary that hints at the credit clerk job standing or walking "two hours a day, every day" is simply incorrect. ECF No. 24 at 4 *compare infra* at 7.

The ALJ was entitled to rely on the credit clerk job as generally performed, which means that this sedentary job, as defined in SSR 83-10, includes being on one's feet either standing or walking no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours in a workday. There is no apparent conflict the Court can discern between the Vocational Expert's testimony at the Dictionary's listing that can be fairly characterized as a conflict.

## CONCLUSION

After consideration of substantial, uncontested medical evidence and testimony by the Vocational Expert on which the ALJ properly relied, the ALJ concluded that Plaintiff could perform the work of a credit clerk. The ALJ took into consideration the position generally calls for sitting six hours in an eight hour workday, and Plaintiff's need for a sit/stand option at 30 minute intervals and two restroom breaks in addition to the three breaks Plaintiff would get in a normal workday. AR 30-31; ECF No. 17 at 4. As the ALJ found, when comparing Plaintiff's RFC with the physical and mental demands of the work, Plaintiff could perform the job of credit clerk as generally performed. AR 34.

## ORDER

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case and enter judgment accordingly.

DATED this 23rd day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE